EDWARD KUAPUHI, ALSO KNOWN AS E. J. KUA-
PUHI, AND KEAKAKU (W) *v.* CATHERINE K.
PA AND McBRYDE SUGAR COMPANY, LIM-
ITED.

No. 1953.

ARGUED OCTOBER 30, 1930.                    DECIDED NOVEMBER 1, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion to dismiss a writ of error. The plain-
tiffs in error, who were also plaintiffs below, brought an
action in the circuit court of the fifth circuit to quiet title
to certain described lands. The court, trying the case
without a jury, rendered a decision in favor of the de-
fendants which was followed by a corresponding judg-
ment in which the costs, amounting to $117.40, were taxed
against the plaintiffs. The plaintiffs, within the time pro-
vided by statute, sued out a writ of error but did not file
a bond to cover the costs adjudged against them.

It is conceded, as indeed it must be, that the judgment for costs is a money judgment and that under section 2529, R. L. 1925, it was necessary to the issuance of the writ to file a bond securing such costs. Plaintiffs in error, however, ask leave of this court to cure their omission to file a bond by now executing and filing one. Their request is predicated on section 2538, R. L. 1925, which provides that "no motion for a new trial, bill of exceptions, appeal or writ of error shall be dismissed for any informality or insufficiency of any bond, unless upon neglect of the party filing such bond to comply with an order of a court or judge having jurisdiction directing an amendment of such bond to be made or a new bond to be filed within a specified time, not less than twenty-four hours."

This section clearly presupposes that something purporting to be a bond, although informal and insufficient, was filed and that in such event the writ shall not be dismissed without giving the plaintiffs in error an opportunity to cure its imperfections or to file a new and sufficient bond. It was not intended to authorize permission to file a bond when none had been filed when the writ was applied for. The filing of a bond is by section 2529 made a prerequisite to the issuance of a writ of error and is therefore indispensable to the jurisdiction of this court. When no bond of any sort is filed there is nothing to amend and section 2538, upon which plaintiffs in error rely, has no application.

The writ of error is dismissed.