MARY IONA, A MINOR, BY PAUL IONA, HER
FATHER AND NATURAL GUARDIAN AND NEXT
FRIEND, *v.* CHIYOJI ISHII.

No. 2074.

ARGUED SEPTEMBER 2, 1932.          DECIDED SEPTEMBER 12, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

In an action at law instituted in the circuit court of
the first judicial circuit, judgment was, on May 27, 1932,
rendered in favor of the plaintiff in the sum of $474.50
and execution was issued upon the judgment. On or
before June 3, 1932, the defendant filed a motion for a
new trial and on the date last named filed in the trial
court a bond with certain sureties, to whose sufficiency
the plaintiff objected. As a result of those objections
a new bond was filed in the trial court on August 2, 1932.
On August 23, 1932, a writ of error was issued out of this
court to review certain alleged errors. The appellee now
moves for a dismissal of the writ on the ground that no
bond was, prior to the issuance of the writ, filed in this
court as required by section 2529, R. L. 1925. That
section reads in part as follows: "No writ of error shall
issue until the sum of twenty-five dollars has been de-
posited to cover costs, and, except in criminal cases and
cases in which there is no money judgment, a bond has

been filed with the clerk, in favor of the prevailing party in the proceeding in which the error is alleged to have occurred, or his personal representatives, conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error." There can be no doubt that the requirement of that section is that the bond there referred to must be filed with the clerk of the supreme court. Admittedly, no such bond has to this day been filed in this cause in this court.

The appellant's defense to the motion is twofold. In the first place reliance is had upon section 2537, R. L. 1925, providing that one appeal bond is sufficient in certain classes of cases and in the second place upon section 2538 which provides that "no motion for a new trial, bill of exceptions, appeal or writ of error shall be dismissed for any informality or insufficiency of any bond, unless upon neglect of the party filing such bond to comply with an order of a court or judge having jurisdiction directing an amendment of such bond to be made or a new bond to be filed within a specified time."

Section 2537 reads as follows: "Whenever, in a proceeding before any court, on a motion for a new trial, or on an appeal, or upon an application for a writ of error, * * * a bond shall be required for costs, or against the removal or disposal of property liable to execution, it shall be sufficient to give one bond * * * which may include both security against costs and against the removal or disposal of property, and no other or further bond shall be required, and such bond shall remain in full force and effect until the final termination of the whole proceedings so pending in such court, or until the final determination before the court to which such motion for new trial, petition for writ of error, appeal or exceptions, shall or may be taken." The contention of the appellant is that the bond filed in the circuit court, in connection

with the motion for a new trial, is still in full force and effect and is sufficient to meet the requirements of section 2529 above quoted. By its terms, section 2537 applies only in those instances in which a bond is required "against the removal or disposal of property liable to execution." In the case at bar the requirement was (by section 2529) that the bond be conditioned "for the payment of the judgment." For this reason alone, if there were no others, section 2537 does not apply and cannot remedy the defect complained of by the appellee.

The bond filed in the trial court recites the entry of the judgment, the issuance of the execution, the filing of a motion for a new trial and the intention of the defendant to appeal from the judgment and then states the condition as follows: "Now, therefore, if the said principal shall pay the full amount for which such execution was issued, in case the judgment herein shall not be reversed or set aside on any appeal, then these presents shall be null and void, but otherwise of full force and effect." The requirement of section 2529 relating to the issuance of writs of error is that the bond shall be conditioned "for the payment of the judgment." The bond filed in the circuit court is conditioned for the payment of "the full amount for which such execution was issued." The sureties in the bond given would not be liable for more than the amount for which the execution was issued, which would be the amount due at the time that the execution was issued plus, at most, interest to the date of levy and sale. The judgment under the law would operate to include interest accruing until final disposition of the case in the appellate court. It is admitted that the bond filed in the circuit court has not been at any time filed with the clerk of the supreme court and therefore, in view of the inapplicability of section 2537, the requirement of section 2529 that such a bond must be

filed with the clerk before the writ of error can lawfully issue has not been complied with and the writ was issued without authority of law.

As to section 2538 relating to amendments of bonds or the filing of new bond by order of the court, it has already been definitely held by this court that that cannot avail the appellant when no bond whatever has been filed. "When no bond of any sort is filed there is nothing to amend and section 2538, upon which plaintiffs in error rely, has no application." *Kuapuhi* v. *Pa,* 31 Haw. 623, 624.

The motion is granted and the writ is dismissed.