FEDOSIA FORMIN *v.* JAMES W. MENGEL.

No. 2767.

FILED JUNE 13, 1949.                    DECIDED JULY 1, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

*Per Curiam.* This is a motion to dismiss a writ of error. The plaintiff in error was the plaintiff below. A judgment for $44.33 in favor of the defendant against the plaintiff was entered on March 7, 1949. June 5, 1949, was the ninetieth day after the entry of judgment. June 5, however, was a Sunday and must be excluded. (R. L. H. 1945, § 20.) Hence, June 6 was the last day allowed by the statute within which to procure the issuance of a writ of error. (R. L. H. 1945, § 9551.)

The application for writ of error is dated June 6, 1949, and was filed with a clerk of the supreme court on June 6, 1949, at 10:10 o'clock p. m. The assignment of errors which accompanied the application was filed with the same clerk on the same day at 10:12 o'clock p. m. The notice of application for writ of error was filed with the same clerk on the same day at 10:14 o'clock p. m. The writ of error bears the following file mark: "FILED and issued June 6, 1949 At 10:16 o'clock P. M." The record discloses no bond in favor of the prevailing party as required by the statute. (R. L. H. 1945, § 9557.) Evidence *aliunde,* however, establishes that prior to the issuance of the writ as indicated by the file mark, counsel deposited with the clerk $100 in cash and was given a receipt purporting to be "For cash bond."

The defendant in error now moves that the writ of error be dismissed on the following grounds:

444

"1.   * * * .That application for writ of error and other papers necessary to perfect the appeal were not filed in this Court on June 6th, but were left at the home of Leoti V. Krone, a clerk of this Court, in the night time of June 6th, 1949, and were not filed in the Supreme Court until June 7th.

"2.   That notwithstanding that a money judgment was rendered for Defendant-in-error in the Circuit Court, Plaintiff-in-error failed to file with the clerk a bond in favor of defendant-in-error, conditioned for the payment of the judgment in the court below in case of failure to sustain the writ of error."

We are unable to agree with the movant's contention that the writ of error was not issued within ninety days after the entry of the judgment. It was issued before the end of the last day on which it could legally issue, as that word is generally defined. We have no statutory definition of the word "day" although we do have statutory definitions of the words "month" and "year." (R. L. H. 1945, § 17.) Webster's New International Dictionary contains various definitions of the word "day," showing that the word has a different meaning according to the circumstances surrounding its use. The most general definition given by Webster is:

"2.   The period of the earth's revolution on its axis—ordinarily divided into twenty-four hours. * * *

"3.   The mean solar day, used in ordinary reckoning of time, and among most modern nations beginning at mean midnight: its hours are usually numbered in two series, each from 1 to 12, but sometimes in a single series from 1 to 24;—called, specif., the *civil day*. This is the period recognized by courts as a day. * * *"

Cyclopedic Law Dictionary (3d ed.) in defining the word "day" says that the term includes the time elapsing from one midnight to the succeeding one and that a day

is generally regarded in law as a point of time and fractions will not be recognized.

We now pass to the second ground of the motion and shall first consider the effect of plaintiff's failure to file a bond with the clerk of this court.

The movant's main reliance is upon the statute which provides, *inter alia,* that: "No writ of error shall issue until the sum provided by section 9746 has been deposited to cover costs, and, except in criminal cases and cases in which there is no money judgment, a bond has been filed with the clerk, *in favor of the prevailing party* in the proceeding in which the error is alleged to have occurred, or his personal representatives, conditioned *for the payment of the judgment* in the original cause in case of failure to sustain the writ of error." (R. L. H. 1945, § 9557.) (Emphasis added.)

It is conceded that no bond has been filed with the clerk of the supreme court but it is also conceded that, subsequent to the judgment and prior to the issuance of the writ of error, the plaintiff, in aid of an order for stay of execution, filed a bond with the clerk of the circuit court in favor of the defendant in the sum of $100, binding the plaintiff to "appeal without delay and pay the defendant and perform as ordered in the said judgment that may be rendered and affirmed against it in the Supreme Court * * * ." Reliance is now had on such bond on file in the circuit court to sustain the writ of error.

The provisions of section 9557, *supra,* standing alone, offer no difficulties. They are clear and unambiguous and it has long been held by this court that failure to comply with it deprives this court of jurisdiction to review the judgment. (*Kuapuhi* v. *Pa,* 31 Haw. 623.)

It was long ago held by this court that the bond required by section 9557, *supra,* must be filed with the clerk of the supreme court, and that a filing of such a bond

with the clerk of the circuit court is not a compliance with said section 9557. (*Iona* v. *Ishii*, 32 Haw. 515.)

On the foregoing authority we hold that the bond filed with the clerk of the circuit court was not a compliance with section 9557.

Counsel next argues that his deposit of cash in lieu of bond is authorized by section 9507 of the 1945 Revised Laws of Hawaii, which reads as follows:

"Whenever, in a proceeding before any court, on a motion for a new trial, or on an appeal, or upon an application for a writ of error, or upon exceptions, a bond shall be required *for costs, or against the removal or disposal of property liable to execution*, it shall be sufficient to give one bond, in an amount to be fixed by the presiding judge, which may include both security against costs and against the removal or disposal of property, and no other or further bond shall be required, and such bond shall remain in full force and effect until the final termination of the whole proceedings so pending in such court, or until the final determination before the court to which such motion for new trial, petition for writ of error, appeal or exceptions, shall or may be taken. The word 'bond' shall be construed to include coin, currency, or certified check *for all purposes of this chapter*." (Emphasis added.)

It has been held by this court that the deposit with the clerk of this court of a sum of money as a "cash bond" is not a compliance with the provision of said section requiring a bond in favor of the prevailing party conditioned for the payment of the judgment in case of failure to sustain the writ of error. (*Marks* v. *Waiahole Water Co.*, 36 Haw. 188.)

However, when the foregoing opinion of this court was written, Act 98 (series C-99), Session Laws of Hawaii 1943, had not been enacted. Said Act amended section 3505, Revised Laws of Hawaii 1935, by adding a new para-

graph to read as follows: "The word 'bond' shall be construed to include coin, currency, or certified check for all purposes of this chapter." Said section 3505 was in chapter 96 of the 1935 Revised Laws of Hawaii and as amended became section 9507 of chapter 182 in the 1945 Revised Laws of Hawaii.

Act 98, Session Laws of Hawaii 1943, refers specifically to section 3505, Revised Laws of Hawaii 1935, as the section being amended. Section 3556 of said Revised Laws of 1935, which became section 9557 of the Revised Laws of 1945, was not mentioned. Moreover said section 3556 of the 1935 Revised Laws is not in the same chapter with section 3505 of said 1935 Revised Laws and the 1943 amendment by its terms extended only to the "purposes of this chapter." It should also be noted that the bond referred to in said section 3505 is a bond for "costs, or against the removal or disposal of property liable to execution," whereas, the bond required as a prerequisite to the issuance of a writ of error is a bond "conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error."

Notwithstanding the clear and unambiguous language of Act 98, *supra,* counsel now asks us to hold, in effect, that said Act applies to section 9557 as well as to section 9507.

"Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been

448

presumed conclusively that the clear and explicit terms of a statute expresses the legislative intention, so that such plain and obvious provisions must control. A plain and unambiguous statute speaks for itself, and any attempt to since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity." (50 Am. Jur., Stat. § 225; see also Crawford's Stat. Const'n § 164, p. 256.)

Regarding the statute as meaning what it says, we hold that Act 98, *supra,* has no application to section 9557, *supra.*

Finally counsel suggests that, if we reach the conclusion that neither the bond filed in the circuit court nor the cash deposit constitutes a compliance with the statute, he should be permitted to cure the defect by now filing a bond. He relies upon section 9508 of the Revised Laws of Hawaii 1945 as authority for the granting of his request. Said section reads as follows:

"No motion for a new trial, bill of exceptions, appeal or writ of error shall be dismissed for any informality or insufficiency of any bond, unless upon neglect of the party filing such bond to comply with an order of a court or judge having jurisdiction directing an amendment of such bond to be made or a new bond to be filed within a specified time, not less than twenty-four hours."

The right of this court to grant plaintiff's request has been set at rest by the authorities heretofore cited, to wit: *Kuapuhi* v. *Pa, Iona* v. *Ishii,* and *Marks* v. *Waiahole Water Co.,* all *supra.*

The motion is granted and the writ of error is dismissed.

*E. J. Botts,* for the motion.

*A. K. Trask,* contra.